UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| QAI TRAINING, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 1:08-cv-0297-DFH-JMS |
| | ) |
| RUSSELL ZIEBELL, | ) |
| | ) |
| Defendant. | ) |

ENTRY GRANTING TRANSFER

This case now presents a dispute over the proper forum to resolve the parties' disputes. Plaintiff QAI Training, LLC filed this action on March 6, 2008 against defendant Russell Ziebell seeking only declaratory relief regarding ownership of a copyright among other issues arising from the parties' business relationship. No summons was issued, however, until April 28, 2008. Defendant Ziebell was served on April 29, 2008.

In the meantime, on April 4, 2008, Ziebell had filed his own lawsuit against QAI and Craig Deane (owner of QAI) in state court in Wisconsin. Plaintiff QAI and Deane removed the Wisconsin action to the Western District of Wisconsin on May 13, 2008.

Back in this Indiana action, Ziebell then filed on May 19, 2008 a motion to dismiss for lack of personal jurisdiction and improper venue, or in the alternative for transfer to the Western District of Wisconsin.  QAI Training did not respond directly to the motion, but on June 3, 2008 QAI filed an amended complaint.  The amended complaint added Craig Deane as a plaintiff.

QAI Training filed its declaratory judgment action first, though it waited to serve Ziebell.  But Ziebell is the "natural" plaintiff, the party seeking coercive relief rather than only declaratory relief.  In such situations, the Seventh Circuit has discouraged proverbial races to the courthouse and has encouraged instead the use of the forum chosen by the party seeking coercive relief.  *E.g.*, *Tempco Electric Heater Corp. v. Omega Engineering, Inc.*, 819 F.2d 746, 750 (7th Cir. 1987); accord, *Trippe Mfg. Co. v. American Power Conversion Corp.*, 46 F.3d 624, 629 (7th Cir. 1995).  There is no reason here, including the recent addition of Mr. Deane as a plaintiff, not to apply the usual rule.  Accordingly, defendant Ziebell's motion to transfer is hereby granted.  The clerk shall transfer this case to the United States District Court for the Western District of Wisconsin.  This court takes no action on the issue of personal jurisdiction over defendant Ziebell or whether venue was properly available in the Southern District of Indiana.

So ordered.

Date:  June 10, 2008

DAVID F. HAMILTON, CHIEF JUDGE
United States District Court

-2-

-3-

Southern District of Indiana

Copies to:

Edwin J. Broecker
TAFT STETTINIUS & HOLLISTER LLP
ebroecker@taftlaw.com

Brian C. Heck
BECKMAN LAWSON LLP
bheck@beckmanlawson.com

Jonathan G. Polak
TAFT STETTINIUS & HOLLISTER LLP
jpolak@taftlaw.com

Trent J. Sandifur
TAFT STETTINIUS & HOLLISTER LLP
tsandifur@taftlaw.com